1  ANTON HANDAL (Bar No. 113812)
   anh@handal-law.com
2  GABRIEL HEDRICK (Bar No. 220649)
   ghedrick@handal-law.com
3  PAMELA C. CHALK (Bar No. 216411)
   pchalk@handal-law.com
4  HANDAL & ASSOCIATES
   1200 Third Avenue, Suite 1321
5  San Diego, California 92101
   Tel: 619.544.6400
6  Fax: 619.696.0323

7  Attorneys for Plaintiff
   e.Digital Corporation
8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12 e.Digital Corporation,                    Case No. **'13CV0112 BTM BLM**

13         Plaintiff,

14    v.                                     **COMPLAINT FOR PATENT INFRINGEMENT**

15 FUJIFILM Corporation; FUJIFILM Holdings
   Corporation; FUJIFILM Holdings America    **DEMAND FOR JURY TRIAL**
16 Corporation; Best Buy Co., Inc.; Best Buy
   Stores, L.P.; Best Buy.Com LLC; Sears
17 Holdings Corporation; Sears, Roebuck and Co.;
   Kmart Corporation; Crutchfield Corporation;
18 Target Corporation; Wal-Mart Stores, Inc.; and,
   Brookstone Company, Inc.
19

20
           Defendants.
21

22

23      Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned

24 counsel, complains and alleges against FUJIFILM Corporation, FUJIFILM Holdings

25 Corporation, and FUJIFILM Holdings America Corporation (collectively, "FUJIFILM"); Best

26 Buy Co., Inc., Best Buy Stores, L.P., and Best Buy.Com LLC (collectively, "Best Buy"); Sears

27 Holdings Corporation and Sears, Roebuck and Co. (collectively, "Sears"); Kmart Corporation

28 ("Kmart"); Crutchfield Corporation ("Crutchfield"); Target Corporation ("Target"); Wal-Mart

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-1-
*COMPLAINT*

Stores, Inc. ("Wal-Mart"); and, Brookstone Company, Inc. ("Brookstone") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, § 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for the infringement of its U.S. Patent Nos. 5,742,737 and 5,491,774.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff e.Digital is headquartered and has its principal place of business in this district, engages in business in this district, and has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact continuous and systematic business within the State of California and the Southern District of California. In addition, this Court has personal jurisdiction over the Defendants because, on information and belief, this lawsuit arises out of Defendants' infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Southern District of California. Finally, this Court has personal jurisdiction over Defendants because, on information and belief, Defendants have made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-2-
*COMPLAINT*

Southern District of California.

**PARTIES**

5. Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

6. Upon information and belief, Defendant FUJIFILM Corporation is a company registered and lawfully existing under the laws of Japan, with an office and principal place of business located at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

7. Upon information and belief, Defendant FUJIFILM Holdings Corporation is a company registered and lawfully existing under the laws of Japan, with an office and principal place of business located at Midtown West, 7-3, Akasaka 9-chome, Minato-ku, Tokyo 107-0052, Japan.

8. Upon information and belief, FUJIFILM Holdings America Corporation is a company registered and lawfully existing under the laws of the State of Delaware, with an office and principal place of business located at 200 Summit Lake Drive, Valhalla, New York 10595. Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, FUJIFILM Holdings America Corporation website located at http://www.shopfujifilm.com.

9. Upon information and belief, Defendant Best Buy Co., Inc. is a company registered and lawfully existing under the laws of the State of Minnesota, with an office and principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.

10. Upon information and belief, Defendant Best Buy Stores L.P. is a limited partnership registered and lawfully existing under the laws of the State of Virginia, with an office and principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423. Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Best Buy store located at, among other places, 8657 Villa La Jolla Drive, La Jolla, CA 92037.

*HANDAL & ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

***COMPLAINT***

11.     Upon information and belief, Defendant Best Buy.Com LLC is a limited liability company registered and lawfully existing under the laws of the State of Virginia, with an office and principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423. Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Best Buy website located at www.bestbuy.com.

12.     Upon information and belief, Defendant Sears Holdings Company is a company registered and lawfully existing under the laws of the State of Delaware, with an office and principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179. Upon information and belief, Sears Holdings Company is the parent company of Sears, Roebuck & Co. and Kmart.

13.     Upon information and belief, Sears, Roebuck & Co. is a company registered and lawfully existing under the laws of the State of New York, with an office and principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Sears' website located at www.sears.com and at the Sears store located at 4575 La Jolla Village Drive, San Diego, California 92122.

14.     Upon information and belief, Kmart is a company registered and lawfully existing under the laws of the State of Michigan, with an office and principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Kmart's website located at www.kmart.com and at the Kmart store located at 8730 Rio San Diego Drive, San Diego, California 92108.

15.     Upon information and belief, Crutchfield is a company registered and lawfully existing under the laws of the State of Virginia, with an office and principal place of business located at 1 Crutchfield Park, Charlottesville, Virginia 22911-9097. Upon information and belief,

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-
COMPLAINT

1  certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Crutchfield's website located at http://www.crutchfield.com.

16. Upon information and belief, Defendant Target is a company registered and lawfully existing under the laws of the State of Minnesota, with an office and principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Target website located at www.target.com and at the Target store located at 1288 Camino Del Rio N, San Diego, CA 92108.

17. Upon information and belief, Defendant Wal-Mart is a company registered and lawfully existing under the laws of the State of Delaware, with an office and principal place of business located at 702 SW 8th Street Bentonville, Arkansas 72716-8611. Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Wal-Mart website located at http://www.walmart.com and at the Wal-Mart store located at 3382 Murphy Canyon Rd, San Diego, CA 92123.

18. Upon information and belief, Defendant Brookstone is a company registered and lawfully existing under the laws of the State of New Hampshire, with an office and principal place of business located at One Innovation Way, Merrimack, New Hampshire 03054. Upon information and belief, certain of the products manufactured by FUJIFILM have been and/or are currently sold and/or offered for sale to customers in this jurisdiction at, among other places, the Brookstone website located at www.brookstone.com.

## THE ASSERTED PATENTS

19. On November 24, 1998, United States Patent No. 5,842,170 ("the '170 patent") entitled "Method For Editing In Hand Held Recorder," was duly and legally issued by the United States Patent and Trademark Office. The named inventors are Norbert P. Daberko, Richard K. Davis, and Richard D. Bridgewater. e.Digital is the assignee and owner of the entire right, title

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-5-
*COMPLAINT*

1  and interest in and to the '170 patent and has the right to bring this suit for damages and other
2  relief.  A true and correct copy of the '170 patent is attached hereto as Exhibit A.

3  20. On April 21, 1998, United States Patent No. 5,742,737 ("the '737 patent") entitled
4  "Method For Recording Voice Messages On Flash Memory In A Hand Held Recorder," was
5  duly and legally issued by the United States Patent and Trademark Office.  The named inventors
6  are Norbert P. Daberko, Richard K. Davis, and Richard D. Bridgewater.  e.Digital is the assignee
7  and owner of the entire right, title and interest in and to the '737 patent and has the right to bring
8  this suit for damages and other relief.  A true and correct copy of the '737 patent is attached
9  hereto as Exhibit B.

10  21. On October 17, 2012, the United States Patent and Trademark Office issued a
11  Reexamination Certificate for the '737 patent, canceling Claim 5 and adding new Claim 13,
12  which is substantially identical to former claim 5.  A true and correct copy of the Reexamination
13  Certificate is attached hereto as Exhibit C.

14  22. On February 13, 1996, United States Patent No. 5,491,774 ("the '774 patent")
15  entitled "Handheld Record And Playback Device With Flash Memory," was duly and legally
16  issued by the United States Patent and Trademark Office.  The named inventors are Elwood G.
17  Norris, Norbert P. Daberko, and Steven T. Brightbill.  e.Digital is the assignee and owner of the
18  entire right, title and interest in and to the '774 patent and has the right to bring this suit for
19  damages and other relief.  A true and correct copy of the '774 patent is attached hereto as Exhibit
20  D.

21  23. On August 14, 2012, the United States Patent and Trademark Office issued a
22  Reexamination Certificate for the '774 patent.  A true and correct copy of the Reexamination
23  Certificate is attached hereto as Exhibit E.

### COUNT ONE

### INFRINGEMENT OF THE '170 PATENT BY DEFENDANTS

26  24. Plaintiff re-alleges and incorporates by reference each of the allegations set forth
27  in paragraphs 1 through 23 above.

28  25. Upon information and belief, Defendants, without authority, (a) have directly

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-6-
**COMPLAINT**

infringed and continue to directly infringe the '170 patent by making, using, offering to sell, or selling within the United States, or importing into the United States, products that practice one ore more claims of the '170 patent in violation of 35 U.S.C. § 271(a); (b) have induced and continue to induce infringement of one or more claims of the '170 patent in violation of 35 U.S.C. § 271(b); and (c) have contributed and continue to contribute to the infringement of one ore more claims of the '170 patent in violation of 35 U.S.C. § 271(c).

26. The accused products for purposes of the '170 patent include but are not limited to the FinePix series and Fujifilm X-S1, X10, and XF1 cameras.

27. The accused products, alone or in combination with other products, practice each of the limitations of independent claims 1 and 7 and dependent claims 2 through 5 and 8 through 12 of the '170 patent.

28. Upon information and belief, Defendants, without authority, have actively induced infringement and continue to actively induce infringement of the '170 patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '170 patent and/or by intentionally instructing others how to use the accused products in a manner that infringes the claims of the '170 patent. On information and belief, Defendants have induced and continue to induce infringement by instructing customers to operate the products in an infringing manner and/or when Defendants test or otherwise operate the accused products in the United States.

29. Upon information and belief, Defendants, without authority, have contributed and continue to contribute to the infringement of the '170 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that (1) embody and constitute a material part of the invention of the '170 patent, (2) Defendants knows to be especially adapted for use in infringing the '170 patent, and (3) are not staple articles of commerce suitable for substantial non-infringing use with respect to the '170 patent.

30. Based on information and belief, Plaintiff alleges that Defendants sell, ship, or otherwise deliver the accused products with all the features required to infringe the asserted claims of the '170 patent. On information and belief, these products are designed to practice the

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-7-
*COMPLAINT*

infringing features.

31. Defendants had knowledge of infringement of the '170 patent since at least the filing of this complaint and perhaps as early as 2010 by virtue of the Plaintiff's filing of complaints against others within Defendants' industry. On information and belief, Defendants have continued to sell products that practice the '170 patent after acquiring knowledge of infringement.

32. Plaintiff alleges upon information and belief, that the infringement by Defendants has been and is willful.

Plaintiff has been irreparably harmed by these acts of infringement and has no adequate remedy at law. Upon information and belief, infringement of the '170 patent is ongoing and will continue unless Defendants are enjoined from further infringement by the court.

## COUNT TWO

### INFRINGEMENT OF THE '737 PATENT BY DEFENDANTS

33. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 23 above.

34. Upon information and belief, Defendants, without authority, (a) have directly infringed and continue to directly infringe the '737 patent by making, using, offering to sell, or selling within the United States, or importing into the United States, products that practice one ore more claims of the '737 patent in violation of 35 U.S.C. § 271(a); (b) have induced and continue to induce infringement of one or more claims of the '737 patent in violation of 35 U.S.C. § 271(b); and (c) have contributed and continue to contribute to the infringement of one ore more claims of the '737 patent in violation of 35 U.S.C. § 271(c).

35. The accused products for purposes of the '737 patent include but are not limited to the FinePix series; Fujifilm X-S1, X10, and XF1; X-E1 and XPro1 cameras.

36. The accused products, alone or in combination with other products, practice each of the limitations of independent claims 1, 4, 9, and 13, and dependent claims 2, 3, and 6 of the '737 patent.

37. Upon information and belief, Defendants, without authority, have actively

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-8-
*COMPLAINT*

induced infringement and continue to actively induce infringement of the '737 patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '737 patent and/or by intentionally instructing others how to use the accused products in a manner that infringes the claims of the '737 patent. On information and belief, Defendants have induced and continue to induce infringement by instructing customers to operate the products in an infringing manner and/or when Defendants test or otherwise operate the accused products in the United States.

38. Upon information and belief, Defendants, without authority, have contributed to and continue to contribute to the infringement of the '737 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that (1) constitute a material part of the invention of the '737 patent, (2) Defendants know to be especially adapted for use in infringing the '737 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '737 patent.

39. Based on information and belief, Plaintiff alleges that Defendants sell, ship, or otherwise deliver the accused products with all the features required to infringe the asserted claims of the '737 patent. On information and belief, these products are designed to practice the infringing features.

40. Defendants had knowledge of infringement of the '737 patent since at least the filing of this complaint and perhaps as early as 2010 by virtue of the Plaintiff's filing of complaints against others within Defendants' industry. On information and belief, Defendants have continued to sell products that practice the '737 patent after acquiring knowledge of infringement.

41. Upon information and belief, the infringement by Defendants has been and is willful.

42. Plaintiff has been irreparably harmed by these acts of infringement and has no adequate remedy at law. Upon information and belief, infringement of the '737 patent is ongoing and will continue unless Defendant is enjoined from further infringement by the court.

///

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-9-
*COMPLAINT*

# COUNT THREE

## INFRINGEMENT OF THE '774 PATENT BY DEFENDANTS

43. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 23 above.

44. Upon information and belief, Defendants, without authority, (a) have directly infringed and continue to directly infringe the '774 patent by making, using, offering to sell, or selling within the United States, or importing into the United States, products that practice one ore more claims of the '774 patent in violation of 35 U.S.C. § 271(a); (b) have induced and continue to induce infringement of one or more claims of the '774 patent in violation of 35 U.S.C. § 271(b); and (c) have contributed and continue to contribute to the infringement of one ore more claims of the '774 patent in violation of 35 U.S.C. § 271(c).

45. The accused products for purposes of the '774 patent include but are not limited to the FinePix series; Fujifilm X-S1, X10, and XF1; X-E1 and XPro1 cameras.

46. The accused products, alone or in combination with other products, practice each of the limitations of independent claims 33 and 34, and dependent claims 2, 6 through 8, 10, 15 through 16, 18, 23 through 26, and 28 through 31 of the '774 patent.

47. Upon information and belief, Defendants, without authority, have actively induced infringement and continues to actively induce infringement of the '774 patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '774 patent and/or by intentionally instructing others how to use the accused products in a manner that infringes the claims of the '774 patent. On information and belief, Defendants have induced and continue to induce infringement by instructing customers to operate the products in an infringing manner and/or when Defendants test or otherwise operate the accused products in the United States.

48. Upon information and belief, Defendants, without authority, have contributed to and continue to contribute to the infringement of the '774 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States accused products that (1) constitute a material part of the invention of the '774 patent, (2)

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

1  Defendants know to be especially adapted for use in infringing the '774 patent, and (3) are not
2  staple articles of commerce suitable for substantial noninfringing use with respect to the '774
3  patent.

4  　　　49.　　Based on information and belief, Plaintiff alleges that Defendants sell, ship, or
5  otherwise deliver the accused products with all the features required to infringe the asserted
6  claims of the '774 patent. On information and belief, these products are designed to practice the
7  infringing features.

8  　　　50.　　Defendants had knowledge of infringement of the '774 patent since at least the
9  filing of this complaint and perhaps as early as 2010 by virtue of the Plaintiff's filing of
10 complaints against others within Defendants' industry. On information and belief, Defendants
11 have continued to sell products that practice the '774 patent after acquiring knowledge of
12 infringement.

13 　　　51.　　Upon information and belief, the infringement by Defendants has been and is
14 willful.

15 　　　52.　　Plaintiff has been irreparably harmed by these acts of infringement and has no
16 adequate remedy at law. Upon information and belief, infringement of the '774 patent is
17 ongoing and will continue unless Defendant is enjoined from further infringement by the court.

18 **PRAYER FOR RELIEF**

19 　　　WHEREFORE, Plaintiff prays for relief and judgment as follows:

20 　　　1.　　That Defendants be declared to have infringed the Patents-in-Suit;

21 　　　2.　　That Defendants' infringement of the Patents-in-Suit has been deliberate and
22 willful;

23 　　　3.　　Preliminarily and permanently enjoining the Defendants' officers, agents,
24 servants, employees, and attorneys, and those persons in active concert or participation with
25 them, from infringement of the Patents-in-Suit, including nut not limited to any making, using,
26 offering for sale, selling, or importing of unlicensed infringing products within and without the
27 United States;

28 　　　4.　　Compensation for all damages caused by Defendants' infringement of the Patents-

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-11-
*COMPLAINT*

1  in-Suit to be determined at trial;

2      5.     Enhancing Plaintiff's damages up to three (3) times their amount pursuant to 35

3  U.S.C. § 284;

4      6.     Granting Plaintiff pre- and post-judgment interest on its damages, together with

5  all costs and expenses; and

6      7.     Awarding such other relief as this Court may deem just and proper.

**HANDAL & ASSOCIATES**

Dated:  January 15, 2013

By: /s/ Gabriel G. Hedrick
    Anton N. Handal
    Gabriel G. Hedrick
    Pamela C. Chalk
    Attorneys for Plaintiff
    e.Digital Corporation

*HANDAL & ASSOCIATES*
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-12-
***COMPLAINT***

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

**HANDAL & ASSOCIATES**

Dated: January 15, 2013

By: /s/ Gabriel G. Hedrick
Anton N. Handal
Gabriel G. Hedrick
Pamela C. Chalk
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-13-
*COMPLAINT*