# EXHIBIT A

| | |
|---|---|
| 1 | ANTON HANDAL (Bar No. 113812) |
| 2 | anh@handal-law.com<br>PAMELA C. CHALK (Bar No. 216411) |
| 3 | pchalk@handal-law.com<br>GABRIEL HEDRICK (Bar No. 220649) |
| 4 | ghedrick@handal-law.com<br>HANDAL & ASSOCIATES |
| 5 | 1200 Third Avenue, Suite 1321<br>San Diego, California 92101 |
| 6 | Tel: 619.544.6400<br>Fax: 619.696.0323 |
| 7 | |
| 8 | Attorneys for Plaintiff<br>e.Digital Corporation |
| 9 | |
| 10 | SARAH BARROWS (Bar No. 253278)<br>barrowss@gtlaw.com |
| 11 | VERA RANIERI (Bar No. 271594)<br>ranieriv@gtlaw.com |
| 12 | GREENBERG TRAURIG LLP<br>4 Embarcadero Center Suite 3000 |
| 13 | San Francisco, CA 94111<br>Tel: 415.655.1300 |
| 14 | Fax: 415.707.2010 |
| 15 | JAMES DECARLO, *Pro Hac Vice Application Pending* |
| 16 | decarloj@gtlaw.com<br>DOUGLAS WEIDER, *Pro Hac Vice Application Pending* |
| 17 | weiderd@gtlaw.com<br>GREENBERG TRAURIG LLP |
| 18 | 200 Park Avenue<br>Florham Park, NJ 07932 |
| 19 | Tel: 973.360.7900<br>Fax: 973.301.8410 |
| 20 | Attorneys for Defendants |
| 21 | FUJIFILM Corporation; FUJIFILM Holdings Corporation; FUJIFILM Holdings America Corporation; Best Buy Co., Inc.; Best Buy Stores, L.P.; |
| 22 | Best Buy.Com LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation; Crutchfield Corporation; Target Corporation; Wal-Mart Stores, Inc.; |
| 23 | and, Brookstone Company, Inc. |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*STIPULATION TO PROVIDE CERTAIN DISCOVERY FOR DISMISSAL WITHOUT PREJUDICE*   -1-   Case No. 3:13-cv-00112-DMS-WVG

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FUJIFILM Corporation; FUJIFILM Holdings Corporation; FUJIFILM Holdings America Corporation; Best Buy Co., Inc.; Best Buy Stores, L.P.; Best Buy.Com LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation; Crutchfield Corporation; Target Corporation; Wal-Mart Stores, Inc.; and, Brookstone Company, Inc.<br><br>    Defendants. | Case No. 3:13-cv-00112-DMS-WVG<br><br>**STIPULATION TO DISMISS WITHOUT PREJUDICE BEST BUY CO., INC.; BEST BUY STORES, L.P.; BEST BUY.COM LLC; SEARS HOLDINGS CORPORATION; SEARS, ROEBUCK AND CO.; KMART CORPORATION;CRUTCHFIELD CORPORATION; TARGET CORPORATION; WAL-MART STORES, INC.; AND, BROOKSTONE COMPANY, INC.**<br><br>**Assigned to the**<br>**Honorable Judge Dana M. Sabraw**<br><br>**Ctrm: 13A (Annex)** |

Pursuant to Federal Rule of Civil Procedure 41, Plaintiff e.Digital Corporation ("e.Digital") and Defendants Best Buy Co., Inc.; Best Buy Stores, L.P.; Best Buy.Com LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation; Crutchfield Corporation; Target Corporation; Wal-Mart Stores, Inc.; and, Brookstone Company, Inc. (collectively, the "FUJIFILM Customers") hereby stipulate, and agree to enforcement by this Court, the following:

1. The FUJIFILM Customers have agreed to provide certain sales data to e.Digital regarding the products distributed in the United States by Defendants FUJIFILM Corporation and/or its U.S. distributors of the alleged accused products as identified in e.Digital's Complaint (Docket #1), in return for a dismissal without prejudice of the claims between and among e.Digital and the FUJIFILM Customers in this case.

2. The FUJIFILM Customers shall provide to e.Digital, no later than

*STIPULATION TO PROVIDE CERTAIN DISCOVERY FOR DISMISSAL WITHOUT PREJUDICE*  -2-  Case No. 3:13-cv-00112-DMS-WVG

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

1  fifteen days (15) days before the Mandatory Settlement Conference in this case or
2  fifteen (15) days after the claim construction hearing, whichever comes first,
3  should this case remain in effect, or as soon as practicable thereafter as agreed in
4  writing by counsel, the following information based on a list of accused products
5  by UPC to be supplied by e.Digital no later than February 14, 2014 or as otherwise
6  agreed in writing by counsel: (1) the number of accused products purchased by the
7  FUJIFILM Customer per year and/or portion thereof for the 12 months prior to the
8  disclosure by the FUJIFILM Customers by this Paragraph 2; and (2) the average
9  per unit cost paid by the FUJIFILM Customer.

10         3.     Finally, no later than thirty (30) days before trial in this case, should
11 this case remain in effect, the FUJIFILM Customers will update the disclosure
12 required by Paragraph 2 above, based on the list of accused products previously
13 supplied by e.Digital or as otherwise agreed in writing by counsel.

14         4.     Compliance with this Stipulation by the FUJIFILM Customers shall
15 not relieve Defendants FUJIFILM Corporation, FUJIFILM Holdings Corporation,
16 and/or FUJIFILM Holdings America Corporation of any obligation to respond to
17 discovery in this matter and the fact that the FUJIFILM Customers have complied
18 with this Stipulation shall not be a legitimate ground for any of the Defendants to
19 object to any discovery request from e.Digital.

20         5.     In reliance on this Stipulation, and compliance by the FUJIFILM
21 Customers therewith, e.Digital agrees to dismiss the FUJIFILM Customers without
22 prejudice.

23         6.     Each side will bear their own attorneys' fees and costs, and waive any
24 recovery of same, in connection with the dismissals without prejudice to be entered
25 between and among e.Digital and the FUJIFILM Customers.

26         7.     Defendants FUJIFILM Corporation, FUJIFILM Holdings
27 Corporation, and FUJIFILM Holdings America Corporation have no opposition to
28 this Stipulation, and agree to comply with its terms and not challenge its validity.

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*STIPULATION TO PROVIDE CERTAIN DISCOVERY*   -3-   Case No. 3:13-cv-00112-DMS-WVG
*FOR DISMISSAL WITHOUT PREJUDICE*

8. The parties to this Stipulation agree to not challenge the dismissals pursuant to this Stipulation based on any theory regarding the entry of multiple dismissals without prejudice and/or to make any assertions based on the two-dismissal rule. The parties to this Stipulation further agree to be judicially estopped from advancing these two theories with respect to such dismissals without prejudice agreed to by the parties herein.

9. It is understood and agreed by the parties that a copy of this stipulation will be attached as an exhibit to any dismissal or joint motion to dismiss the FUJIFILM Customers as agreed to herein.

Based on the representations above, e.Digital agrees to dismiss <u>without</u> prejudice its claims against Defendants Best Buy Co., Inc.; Best Buy Stores, L.P.; Best Buy.Com LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation; Crutchfield Corporation; Target Corporation; Wal-Mart Stores, Inc.; and, Brookstone Company, Inc. pursuant to Fed. R. Civ. P. 41(a)(1)(A).

**HANDAL & ASSOCIATES**

Dated: June 10 , 2013

By: _____
    Anton N. Handal
    Pamela C. Chalk
    Gabriel G. Hedrick
    Attorneys for Plaintiff
    e.Digital Corporation

**GREENBERG TAURIG LLP**

Dated: June 10, 2013

By: _____
    James DeCarlo
    Sarah Barrows
    Vera Ranieri
    Douglas Weider
    Attorneys for Defendants
    FUJIFILM Corporation, et al.

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*STIPULATION TO PROVIDE CERTAIN DISCOVERY FOR DISMISSAL WITHOUT PREJUDICE*   -4-   Case No. 3:13-cv-00112-DMS-WVG

8. The parties to this Stipulation agree to not challenge the dismissals pursuant to this Stipulation based on any theory regarding the entry of multiple dismissals without prejudice and/or to make any assertions based on the two-dismissal rule. The parties to this Stipulation further agree to be judicially estopped from advancing these two theories with respect to such dismissals without prejudice agreed to by the parties herein.

9. It is understood and agreed by the parties that a copy of this stipulation will be attached as an exhibit to any dismissal or joint motion to dismiss the FUJIFILM Customers as agreed to herein.

Based on the representations above, e.Digital agrees to dismiss <u>without</u> prejudice its claims against Defendants Best Buy Co., Inc.; Best Buy Stores, L.P.; Best Buy.Com LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation; Crutchfield Corporation; Target Corporation; Wal-Mart Stores, Inc.; and, Brookstone Company, Inc. pursuant to Fed. R. Civ. P. 41(a)(1)(A).

Dated: June 10, 2013

HANDAL & ASSOCIATES

By: _____
Anton N. Handal
Pamela C. Chalk
Gabriel G. Hedrick
Attorneys for Plaintiff
e.Digital Corporation

Dated: June 10, 2013

GREENBERG TRAURIG LLP

By: _____
James DeCarlo
Sarah Barrows
Vera Ranieri
Douglas Weider
Attorneys for Defendants
FUJIFILM Corporation, et al.

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*STIPULATION TO PROVIDE CERTAIN DISCOVERY FOR DISMISSAL WITHOUT PREJUDICE* -4- Case No. 3:13-cv-00112-DMS-WVG